UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-cv-00788-CRS-LLK

**KENNETH WILBERT BROWN**     **PETITIONER**

v.

**BRAD ADAMS, Warden**     **RESPONDENT**

### AMENDED REPORT AND RECOMMENDATION

Petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. [Docket Number ("DN") 1]. Respondent filed a limited answer in opposition, arguing that the petition is subject to dismissal due to the running of the 1-year period of limitation for filing a petition established by 28 U.S.C. § 2244(d).[1] [DN 14]. The Court referred the matter to the undersigned Magistrate Judge "pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter." [DN 11].

The undersigned submitted a report recommending that the Court deny the petition as having been filed outside the 1-year period of limitation established by Section 2244(d), [DN 15], and Petitioner filed a late reply, [DN 16].[2] The undersigned submits the present Amended Report and Recommendation to address all of Petitioner's arguments and to correct an error in the prior Findings of Fact and Recommendation, [DN 15]. In his reply, Petitioner clarifies that he pursued review before the United States Supreme Court, after the Kentucky Supreme Court affirmed his convictions on direct appeal, which (as discussed below in footnote 3) affects the calculation of the date Petitioner's 1-year period of limitation began to run. However, under both the present and the prior calculations, the petition is

---

[1] In the alternative, in the event the Court finds that the petition was timely, Respondents asks for an extension of 60 days in which to respond to Petitioner's claims on the merits. [DN 14 at 7].

[2] On May 26, 2021, Petitioner filed his reply. [DN 16]. However, the reply was due on May 24, 2021, or "21 days following service of Respondent's [May 3, 2021] answer." [DN 11].

untimely. Also, this Report addresses Petitioner's argument, raised in his reply, that he is entitled to equitable tolling because his fifth and twenty-first claims show that he is actually innocent. [DN 16 at 9].

Because Petitioner filed his petition outside the 1-year period of limitation established by Section 2244(d) and Petitioner is not entitled to equitable tolling, the RECOMMENDATION will be that the Court: 1) DENY the petition, [DN 1]; 2) DENY Petitioner a certificate of appealability; and 3) REJECT the prior Findings of Fact and Recommendation, [DN 15], as moot and superseded by the present Amended Report and Recommendation.

## Procedural history

A Jefferson Circuit Court jury convicted Petitioner of murder, wanton endangerment, tampering with physical evidence, and trafficking in marijuana while in possession of a firearm, and the Court sentenced him to 24 years' imprisonment. *Brown v. Commonwealth*, 416 S.W.3d 302 (Ky. Dec. 19, 2013). The Kentucky Supreme Court affirmed on direct appeal. *Id.* On June 9, 2014, the United States Supreme Court denied Petitioner's petition for writ of certiorari. *Brown v. Kentucky*, 573 U.S. 909 (June 9, 2014).

On November 26, 2014, Petitioner filed a motion to vacate, set aside or correct his conviction and sentence pursuant to Kentucky Rules of Criminal Procedure ("RCr") 11.42. [DN 1 at 3]. The trial court denied the motion, and the Kentucky Court of Appeals affirmed. *Brown v. Commonwealth*, No. 2017-CA-001051-MR, 2018 WL 3602783 (Ky. Ct. App. July 27, 2018). On December 5, 2018, the Kentucky Supreme Court denied discretionary review. *Id.*

Petitioner filed the present petition on or about November 4, 2020. [DN 1].

## Petitioner filed his Section 2254 petition nearly a year and a half late.

28 U.S.C. § 2244(d) provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, the only viable candidate for triggering the running of the 1-year period of limitation is Section 2244(d)(1)(A). Petitioner's "judgment became final by the conclusion of direct review," Section 2244(d)(1)(A), on June 9, 2014, when the United States Supreme Court denied certiorari, 573 U.S. 909. *See Johnson v. Rapelje*, 542 F. App'x 453, 454 (6th Cir. 2013) ("The conclusion of 'direct review' [as contemplated by Section 2244(d)(1)(A)] occurs upon the denial of certiorari in the United States Supreme Court or 90 days after a final judgment of the highest state court, when the period for seeking a writ of certiorari in the United States Supreme Court elapses.").[3]

On November 26, 2014, the running of Petitioner's 1-year period of limitation was tolled pursuant to Section 2244(d)(2), when Petitioner filed his 11.42 motion. 170 days elapsed between June 9, 2014, when petitioner's period began to run, and November 26, 2014, when the running was tolled (with 195 days remaining).

---

[3] The prior Findings of Fact and Recommendation erroneously accepted Respondent's calculation of the date when Petitioner's "judgment became final by the conclusion of direct review," Section 2244(d)(1)(A), as "March 19, 2014, or 90 days after the Kentucky Supreme Court affirmed his convictions on direct appeal on December 19, 2013." [DN 15 at 2]. It now appears that calculation was based on the false assumption that Petitioner did not pursue review before the United States Supreme Court.

3

Tolling ceased on December 5, 2018, when the Kentucky Supreme Court denied discretionary review of the Court of Appeal's affirmance of the denial of Petitioner's 11.42 motion. *See Giles v. Beckstrom*, 826 F.3d 321, 324 (6th Cir. 2016) (On May 15, 2013, the Kentucky Supreme Court denied discretionary review of the Kentucky Court of Appeals' affirmance of the denial of Giles' 11.42 motion, and, "[o]n May 16, 2013, the limitations period began to run again.").

Petitioner's 1-year period of limitation expired on June 18, 2019, or 195 days after December 5, 2018. Petitioner filed the present petition on or about November 4, 2020 – nearly a year and a half late.

**Petitioner is not entitled to equitable tolling.**

Petitioner argues that he is entitled to equitable tolling of the 1-year period of limitation because "he was not informed of the Kentucky Supreme Court's denial of the M.D.R. [motion for discretionary review] for his RCr 11.42 motion by his court-appointed counsel" on July 17, 2020. [DN 1 at 56]. Petitioner attaches a copy of a letter dated July 17, 2020, [DN 1-2 at 12], from the Kentucky Department of Public Advocacy (Post Conviction Branch Manager), that apologized to Petitioner for not notifying him sooner of the December 5, 2018, denial of discretionary review by the Kentucky Supreme Court of the Court of Appeals' affirmance of the denial of Petitioner's 11.42 motion:

> I hope you are doing well. The Post Conviction Branch paralegal informed me that you called to ask about your case. The Supreme Court has issued an Order regarding your motion for discretionary review. Unfortunately, the Court denied the MDR in an Order entered on December 5, 2018. I have enclosed a copy of the order with this letter. The Court of Appeals Opinion is now final. I have reviewed your file and determined that nothing remains to litigate in your case. Therefore, this ends my representation of you in your post conviction case. I apologize I did not send this letter sooner. I am not sure how the delay happened. Please contact me at your convenience if you have any questions. I am truly sorry that we were not able to obtain relief from your conviction. I wish you the best going forward.

[DN 1-2 at 12].

A petitioner is "entitled to equitable tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

The Sixth Circuit has held that "'a substantial, involuntary delay in learning about the status of ... appeals may constitute extraordinary circumstances sufficient to warrant" equitable tolling. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Robinson v. Easterling*, 424 F. App'x 439, (6th Cir. May 20, 2011)). However, "petitioners who receive delayed notification of a state court judgment due to clerical or attorney errors may not seek equitable tolling if they 'passively await decision.'" *Robinson*, 424 F. App'x at 443 (quoting *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002)). "[A]ttorney assurances and the realities of incarceration may justifiably delay a petitioner's request for a case status update." *Id.* Nevertheless, "this Court has never granted equitable tolling to a petitioner who sat on his rights for a year and a half, and we decline to do so here." *Id.*

This Report concurs with Respondent, [DN 14 at 4], that the facts of the present case are strikingly similar to those in *Robinson*. Like Petitioner's counsel, Robinson's counsel failed to inform Robinson of the decision of the state appellate court to deny post-conviction relief until more than a year after the decision and failed to inform Robinson that he had petitioned for relief before the state supreme court. *Id.* at 441. The Sixth Circuit held that, even assuming that attorney misconduct and delayed notification constituted extraordinary circumstances that delayed the filing of the 2254 petition, Robinson, acting with reasonable diligence, could have filed his 2254 petition on time. *Id.* at 443.

Here, Petitioner could have filed his petition on time if he had made reasonable inquiries sooner concerning the status of his 11.42 appeal. Like Robinson, Petitioner "sat on his rights for [nearly] a year and a half," 424 F. App'x at 443, which is too long to qualify for equitable tolling.

In his reply, Petitioner argues that he is entitled to equitable tolling because his fifth and twenty-first claims show that he is actually innocent. [DN 16 at 9]. Petitioner's fifth claim is that the trial court erred in not granting a directed verdict of acquittal on the charge of trafficking in marijuana, [DN 1 at 13], which claim the Kentucky Supreme Court rejected on direct appeal. *Brown v. Commonwealth*, 416 S.W.3d 302, 310 (Ky. 2013). Petitioner's twenty-first claim is that appellate counsel was ineffective for not arguing

5

that the trial court erred in not granting a directed verdict on the charge of murder (due to self-defense), [DN 1 at 50], and the Kentucky Court of Appeals held that "[b]ecause [Petitioner] admitted firing at [the victim] to get his marijuana back, self-defense was unavailable to him." *Brown v. Commonwealth*, 2018 WL 3602783, at *8 (Ky. Ct. App. July 27, 2018).

The untimeliness of a petition may be excused on the ground of actual innocence where a petitioner "show[s] that it is more likely than not that no reasonable juror would have convicted him in the light of … new evidence." *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). A showing of actual innocence must rely on "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Petitioner's fifth and twenty-first claims are not based on new reliable evidence showing his actual innocence (as contemplated by the above standards) and thereby excusing his late filing of the present petition, [DN 1]. Petitioner is not entitled to equitable tolling.

**The Court should decline to issue a certificate of appealability.**

Before Petitioner may appeal this Court's decision, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "When the district court denies a habeas petition on procedural grounds [e.g., the 1-year period of limitation established by Section 2244(d)] without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The undersigned is satisfied that no jurists of reason would find it debatable that the petition was filed past the applicable 1-year period and that Petitioner is not entitled to equitable tolling. Therefore, a COA is unwarranted.

### RECOMMENDATION

Because Petitioner filed his petition outside the 1-year period of limitation established by 28 U.S.C. § 2244(d) and Petitioner is not entitled to equitable tolling, the Magistrate Judge RECOMMENDS that the Court:  1) DENY the petition, [DN 1]; 2) DENY  Petitioner a certificate of appealability; and 3) REJECT the prior Findings of Fact and Recommendation, [DN 15], as moot and superseded by the present Amended Report and Recommendation.

June 14, 2021

Lanny King, Magistrate Judge
United States District Court

### NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be timely filed or further appeal is waived.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

June 14, 2021

Lanny King, Magistrate Judge
United States District Court